**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Dwight O'Dell, | No. CV-17-04285-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Michelle H. Burns (Doc. 12). Pursuant to a plea agreement, on September 6, 2012, Petitioner was convicted in Maricopa County Superior Court of promoting prison contraband, aggravated assault, and destruction of or injury to a public jail. (*See* Doc. 6). Petitioner was sentenced to a 9.25-year prison term. (Doc. 11, Exh. O).

Petitioner raises one ground for relief in his Petition. Specifically, he claims that he received ineffective assistance of counsel and that his Sixth Amendment right "to not be subjected to badgering harassment or cross[-]examination w/o the presence of a lawyer" was violated. (Doc. 1 at 6; Doc. 6 at 11). After a careful examination of the issues, Judge Burns decided that Petitioner's claims were untimely because he failed to file his habeas petition within the one-year statute of limitations period. (Doc. 12 at 6). Judge Burns determined that by pleading guilty, Petitioner had waived his right to a direct appeal and

Petitioner thus had 90 days after the trial court sentenced him to file an "of-right" petition for post-conviction relief ("PCR") under Rule 32 of the Arizona Rules of Criminal Procedure. She further found that even assuming the PCR petition was timely filed, the state court dismissed it on June 27, 2013. From that date, Petitioner had 30 days to file a petition for review in the Arizona Court of Appeals, which he did not do. As a result, Judge Burns found that Petitioner's case became final and the statute of limitations for his habeas petition began to run on July 29, 2013. The one-year statute made it necessary for Petitioner to initiate his habeas proceedings on or before July 29, 2014. Although Petitioner initiated two habeas proceedings – one on October 25, 2016 (in CV-16-03695-PHX-DJH (MHB)), and one on November 21, 2017 (the current matter) – both were beyond this deadline, and absent tolling, were untimely. Judge Burns found that Petitioner did not establish that he was entitled to equitable tolling or that an equitable exception to the limitations period should apply. She specifically considered Petitioner's attempts to explain his untimeliness and found that they did not constitute extraordinary circumstances that would justify equitably tolling of the statute. (Doc. 12 at 7). Accordingly, Judge Burns recommended that the habeas petition be denied and dismissed with prejudice. (*Id*.)

Judge Burns advised the parties that they had fourteen days to file objections and that the failure to file timely objections "may result in the acceptance of the Report and Recommendation by the District Court without further review." (Doc. 12 at 8) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). The parties have not filed objections and the time to do so has expired. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed the R&R and agrees with its findings and

recommendations. The Court will, therefore, accept the R&R and deny the habeas petition. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Burns R&R (Doc. 12) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 8th day of January, 2019.

Honorable Diane J. Humetewa
United States District Judge